781 So.2d 843 (2001)
STATE of Louisiana
v.
Stanley BELL.
No. 00-KA-1084.
Court of Appeal of Louisiana, Fifth Circuit.
February 28, 2001.
*845 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Donald A. Rowan, Jr., Assistant District Attorneys, Gretna, Louisiana, for the State of Louisiana.
Kevin V. Boshea, Williams, Boshea & Ehle, New Orleans, Louisiana, for defendant-appellant.
Court composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
McMANUS, Judge.
Defendant, Stanley Bell, appeals his conviction for armed robbery and sentence, imposed in this matter pursuant to multiple offender proceedings. For the reasons stated below, we affirm Defendant's conviction and sentence and remand the matter for correction of errors patent.

STATEMENT OF THE CASE
The Defendant, Stanley Bell, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. Defendant pled not guilty at arraignment, but on April 28, 1997, he pled guilty as charged, and was sentenced to serve five years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. However, on June 13, 1997, the trial judge permitted the Defendant to withdraw his guilty plea and proceed to trial. After a jury trial on September 25, 1997, the Defendant was found guilty as charged.
The State later alleged the Defendant to be a second felony offender in a habitual offender bill of information. Before testimony commenced at the habitual offender hearing, the trial judge denied the Defendant's motions for a new trial and for post-verdict judgment of acquittal. After the habitual offender hearing, the judge imposed a sentence of 50 years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.[1] That same day, the Defendant orally moved for an appeal. Defendant filed a motion for an out of time appeal on October 12, 1999, which the trial judge granted.

FACTS
On December 15, 1995, Denise Benson was robbed by a man armed with a gun at Elite Cleaners on Veterans Boulevard where she was employed. Ms. Benson testified at trial that at 6:09 p.m., she was sewing when a man walked in wearing a handkerchief over the lower part of his face and demanded that she give him the money from the cash register. When she did not move, the man said, "Do you think I'm joking?" pointed the gun at her, and lifted the handkerchief. When she opened the cash register, the man took the money and ran out of the store. The store's manager chased the man, but did not catch him. Ms. Benson called the police, and Detective Yenari of the Jefferson Parish Sheriffs Office responded.
*846 Detective Yenari's investigation focused on the Defendant with the assistance of a witness, Christopher Foret, who also testified at trial. That evening around 6:10 p.m., Mr. Foret had been traveling north on Mississippi Avenue, one block from Veterans Boulevard when a man driving a white car pulled out in front of Mr. Foret's vehicle. Mr. Foret followed the car as it sped down Mississippi Avenue and recorded the license plate number. A few minutes later, Mr. Foret returned to the location where he had first seen the car. There were several police cars at that location, and Mr. Foret told the officers what he had observed.
Based on this information, Detective Yenari discovered that the car was registered to an address in New Orleans. He and other officers went to the address and saw a white car in the driveway. Two men were in the car, later identified to be Joseph Roussell and the Defendant. The officers detained the Defendant, but did not arrest him at that time.
Later that night, the detective compiled a photographic lineup containing six photographs, including the Defendant's photograph. When he presented the lineup to Ms. Benson at 10:00 p.m., only a few hours after the robbery, Ms. Benson positively identified the Defendant as the man who had robbed her. Detective Yenari also stated that Ms. Benson eliminated Joseph Roussell as a suspect in the robbery.
Pursuant to a search warrant Detective Yenari obtained for the white car, the police recovered a .38 caliber revolver, which Ms. Benson identified at trial as being similar to the weapon used in the robbery. Detective Yenari also obtained a warrant for Defendant's arrest, which he entered into the computer. Several months later, the Defendant was arrested in Las Vegas and extradited to Louisiana.
At trial, Ms. Benson positively identified the Defendant as the robber, and Mr. Foret positively identified the Defendant as the man who had pulled out in front of him in the white car on the night in question.

ASSIGNMENT OF ERROR NUMBER ONE
As Defendant's first assignment of error, he argues that the trial held on September 24-25, 1997, and subsequent conviction violate the constitutional prohibition against double jeopardy.
Defendant argues that he was subjected to the constitutional prohibition against double jeopardy because he was tried and sentenced for armed robbery after he had pled guilty and was sentenced on that offense. The State responds that the Defendant's conviction after trial for armed robbery did not constitute double jeopardy because the guilty plea and sentence were properly vacated on the Defendant's motion.
The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Similar protections are offered by Article I, § 15 of the Louisiana Constitution and LSA-C.Cr.P. art. 591. See, State v. Perrilloux, 99-1314 (La.App. 5 Cir. 5/17/00), 762 So.2d 198. According to LSA-C.Cr.P. art. 592, jeopardy attaches when a valid sentence is imposed upon a defendant who pleads guilty.
Protection against double jeopardy is divided into three basic guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Smith, 95-0061 *847 (La.7/2/96), 676 So.2d 1068; State v. Jackson, 99-1256 (La.App. 5 Cir. 7/25/00), 767 So.2d 848.
Defendant first asserts that the record does not reflect that he actually withdrew his guilty plea. He acknowledges that the minute entry of June 13, 1997, indicates that he wished to withdraw his guilty plea, but he asserts that the record does not contain a written motion to withdraw the plea, or a transcript of the June 13, 1997, proceeding. The Defendant next contends that, even if the record shows he was permitted to withdraw his plea, the trial judge improperly allowed him to do so, since he had already been sentenced. The essence of the Defendant's argument is that the armed robbery conviction and sentence violate the protections against double jeopardy because the trial judge lacked authority to allow the Defendant to withdraw his valid guilty plea after he was sentenced.
The record in this case once supplemented with the transcript of June 13, 1997, does reflect that trial judge granted the defense's motion to withdraw the guilty plea because the defense was unaware at the time the plea was entered that the State intended to enhance the sentence:
MS. NEATHAMER [defense counsel]:
Your Honor, Susan Neathamer, representing Mr. Bell. Just to clear up the record, when Mr. Bell was last in Court he took a plea of an armed robbery of five years. And that was to be flat time without any benefits. Subsequent to entering that plea, the District Attorney contacted me, indicated that his office would be double billing my client and we had not discussed that possibility, and so we would at this time because the District Attorney's office is going to be double billing move to withdraw our former plea I mean a plea, and go ahead and proceed to trial with this matter.
THE COURT:
All right, motion granted.
Defendant correctly notes that once a defendant has been sentenced, a guilty plea may not be withdrawn unless the plea is found to be constitutionally infirm. See, State v. Smith, 406 So.2d 1314, 1315 (La.1981); State v. Gross, 95-621 (La.App. 5 Cir. 3/13/96), 673 So.2d 1058, 1059. A guilty plea is considered constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. If such is the case, either the defendant must be allowed to withdraw from the plea or the bargain must be enforced. State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993); State v. Walker, 94-340 (La.App. 5 Cir. 10/25/94), 645 So.2d 766, 769.
The argument urged by the Defendant in this case has been considered and rejected by the Louisiana Supreme Court. In State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977), as in the present case, Clark pled guilty to armed robbery and was sentenced to five years. He subsequently learned that, contrary to a preplea agreement, the State planned to enhance his sentence as a multiple offender. For this reason Clark orally moved to set aside the guilty plea. The trial court found that multiple billing the defendant violated the plea bargain and set aside the guilty plea and sentence.[2] After a jury trial, the defendant was convicted and received a sentence of 33 years imprisonment. *848 The defendant thereafter urged that his trial and conviction for armed robbery were invalid because of the constitutional protection against double jeopardy. However, the Louisiana Supreme Court found no merit in the defendant's argument, finding instead that the trial court had properly vacated the guilty plea and sentence under the circumstances:
We hold that the trial court may properly vacate a plea of guilty and set aside the sentence thereunder when it determines that the facts surrounding the guilty plea render it constitutionally deficient.
352 So.2d at 227.[3]
In the present case, the trial judge did not expressly state that he found the guilty plea to be constitutionally infirm. Nevertheless, in granting the motion to withdraw the guilty plea, the trial judge obviously concluded that the plea was constitutionally infirm for the reasons expressed by defense counsel. Accordingly, the trial judge did not exceed his authority in granting Defendant's motion to withdraw his guilty plea; Defendant's subsequent trial and sentence for armed robbery do not violate the prohibitions against double jeopardy.

ASSIGNMENT OF ERROR NUMBER TWO
As Defendant's second assignment of error, he argues that the trial court erred in the denial of the motion for new trial.
The Defendant failed to brief this assignment, and the State urges this Court to consider the assignment as abandoned.
According to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed and the appellate court may consider any specification or assignment of error which has not been briefed as abandoned. See for example State v. Ballay, 99-906 (La. App. 5 Cir.2/29/00), 757 So.2d 115, 129, in which this Court found that one of the defendant's assignments of error had been abandoned.
We agree with the State, and finding that this assignment of error has been abandoned by Defendant, will not consider the merits of the allegations raised thereunder.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
We note first that neither the habitual offender commitment nor the transcript indicates that the trial judge specifically made a finding regarding the actual number of prior convictions before imposing the enhanced sentence. This Court has vacated habitual offender sentences for this error in the past. See, State v. Jones, 516 So.2d 396, 402 (La.App. 5 Cir. 1987).
In State v. Henderson, 94-286 (La.App. 5 Cir. 12/14/94), 648 So.2d 974, however, this Court distinguished Jones and held that where the record is sufficient to determine that the State's evidence was restricted to one prior felony and that the trial judge's finding of habitual offender status could only relate to a second offense, there is no need to remand the case for rehearing of the habitual offender bill.
*849 In this case, the record indicates that the trial judge could only have found the Defendant to be a second felony offender. While the habitual offender bill of information originally alleged the Defendant to be a third felony offender, the State amended the bill to allege only one prior conviction. And, at the hearing on the bill, the State's evidence was restricted to one prior conviction. Therefore, although the judge did not make an express finding of Defendant's status, it appears that the judge could only have found the Defendant to be a second felony offender. Thus, a remand for this reason is not necessary. See, State v. Henderson, cited immediately above.
Next, while the habitual offender commitment seems to indicate that the Defendant entered a guilty plea to this charge, the transcript does not so relect. The transcripts show without any question that the multiple offender proceedings were tried contradictorily. When there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). To avoid confusion, therefore, the trial court is instructed to amend the minute entry, deleting any reference to a guilty plea, and correcting the entry to accurately reflect the proceedings held.
Finally, we note that the record reflects that the trial judge failed to advise the Defendant of the prescriptive period for post-conviction relief at sentencing, as required by LSA-C.Cr.P. art. 930.8. While Article 930.8 provided for a three-year prescriptive period when the Defendant was sentenced on December 19, 1997, the article was amended effective August 15, 1999, to shorten the prescriptive period to two years. See, 1999 La.Acts 1262, and we have held the application of the amended prescriptive period would not violate ex post facto prohibitions. See, State v. Gilbert, 99-315 (La.App. 5 Cir. 4/25/00), 760 So.2d 536. See also, State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, 1201. Therefore, we instruct the district court to send written notice of the amended prescriptive period to Defendant within ten days of the rendering of this opinion, then to file written proof in the record that Defendant has received said notice. State v. Stelly, 98-578 (La.App. 5 Cir. 12/16/98), 725 So.2d 562, 564.
Therefore, for the above reasons, we affirm Defendant's conviction for armed robbery and his adjudication as a multiple offender and the sentence imposed pursuant to the multiple offender proceedings. The matter is remanded for the trial court to amend the habitual offender commitment and so that the trial court may inform Defendant of the time limitation applicable to post conviction proceedings.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] No original sentence was imposed; however, the habitual offender statute does not require there to be an original sentence prior to the imposition of an enhanced sentence. The statute merely requires that the court "shall vacate the previous sentence if already imposed" before imposition of the enhanced sentence. LSA-R.S. 15:529.1(D)(3).
[2] In footnote two, the Louisiana Supreme Court observed that the defendant's oral motion was adequate under the circumstances.
[3] See also, State v. Smith, 406 So.2d 1314 (La.1981), in which the Louisiana Supreme Court discussed State ex rel. Clark v. Marullo.