862 So.2d 1271 (2003)
STATE of Louisiana
v.
Vincent T. STEWART.
No. 03-KA-976.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
Rehearing Denied January 21, 2004.
*1273 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Kia M. Habisreitinger, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Prentice L. White, Appellate Counsel, Baton Rouge, LA, for Defendant-Appellant.
Vincent T. Stewart, In Proper Person.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
On June 10, 1999, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967(A). At the arraignment, defendant pled not guilty. On February 15, 2001, the state amended the bill of information to reflect that defendant would be charged with two counts of simple possession of cocaine, in violation of LSA-R.S. 40:967(C). On that same date, defendant withdrew his pleas of not guilty and, after being advised of his rights, pled guilty to the amended charges.
As part of the plea agreement, defendant was to be sentenced to five years imprisonment at hard labor on each count, to run concurrently, and the state waived its right to multiple bill defendant. At this *1274 time, defendant requested that he be given a continuance on sentencing to get his affairs in order. The trial judge agreed to defer sentencing and specifically informed defendant that the promised sentence was contingent upon him appearing for the sentencing hearing on March 19, 2001. In response to questions by the trial judge, defendant indicated that he understood the consequences of failing to appear. On March 19, 2001, defendant failed to appear for sentencing. At the request of the state, the trial court ordered that an attachment be issued for defendant.
On March 23, 2001, the state filed a multiple offender bill of information charging defendant as a second felony offender. On January 7, 2002, defendant appeared in court. The trial judge informed defendant that since he did not appear as required, he would not sentence him in accord with the original plea agreement. The trial court subsequently sentenced defendant to imprisonment at hard labor for five years on each count, with the sentences to run consecutively. On that same date, defendant orally objected to the excessiveness of the sentences and denied the allegations of the multiple bill of information. On January 17, 2002, at the commencement of the habitual offender hearing, defense counsel objected to the state's right to bring the multiple offender proceedings since the plea agreement stated that defendant would not be multiple billed. The trial court ruled against defendant, finding that the state could bring the multiple offender proceedings.
Following this ruling, defendant reserved his right to raise this issue on appeal, and thereafter admitted the allegations of the multiple bill. The trial court vacated the sentence on count one and sentenced defendant to imprisonment at hard labor for seven years, to run consecutively with the five year sentence on count two. The trial court also ordered the sentences to run concurrently with any sentence defendant would have to serve for violating his parole. Defendant thereafter appealed, asserting that the trial court erred in not sentencing him according to the original plea agreement, and further that the sentence imposed was excessive.
In his initial appeal, this court found that there was no ruling on a motion to withdraw guilty plea which had been filed by defendant on March 1, 2001. In determining that a ruling on defendant's assignments of error would be premature, this court, stated, in part, as follows:
On appeal, the Defendant raises issues involving the validity of the guilty plea. We cannot address these issues on the record before us. Rather, we find that the issue should be handled in an evidentiary hearing on the Defendant's motion to withdraw guilty plea. At that hearing, the intent of all parties can be explored, a determination can be made as to whether the guilty pleas were entered based on a misunderstanding of the agreement, and a record can be made from which we can review the Defendant's claims if necessary. We reserve to the Defendant, the right to appeal in the event of an adverse ruling and to re-assert the assignments of error raised herein.
Accordingly, for the foregoing reasons, we dismiss the appeal, deferring consideration of the Defendant's assignments of error asserted herein, and remand the case to the trial court for an evidentiary hearing and ruling on the outstanding motion to withdraw guilty plea, reserving to the Defendant the right to re-lodge his appeal.

State v. Stewart, 02-593 (La.App. 5 Cir. 12/11/02), 836 So.2d [268], 271.
On January 21, 2003, a hearing was held on defendant's motion to withdraw guilty *1275 plea as mandated by this court. At that hearing, defense counsel stated in pertinent part:
Judge, while it's our understanding that we have the right to have an evidentiary hearing in this matter, Mr. Stewart understands that he would have the right to take the stand and testify in his own behalf. Other than that, I don't see any other potential witnesses which we could call for the hearing; however, I would like to make an argument on his behalf at his direction.
Defense counsel and the prosecutor thereafter presented arguments to the court. After considering these arguments, the court denied defendant's motion to withdraw guilty plea, noting that defendant clearly understood the consequences of his failure to appear for sentencing. Defendant now appeals.

VALIDITY OF GUILTY PLEA
On appeal, defendant asserts that the trial court erred in failing to conduct an evidentiary hearing prior to denying the motion to withdraw the guilty plea, that the trial court violated the terms of his plea agreement with the state, and further that he is entitled to specific performance of the plea agreement. We first note that defense counsel failed to brief the issue regarding the trial judge's failure to conduct an evidentiary hearing. Pursuant to Uniform Rules Courts of Appeal, Rule 2-12.4, this issue can be deemed abandoned.
Moreover, even if defendant had properly preserved this issue, there is no merit to his argument. The record reflects that defendant understood he had the right to an evidentiary hearing, that he had the right to take the stand and testify, but that he instead chose to have his counsel make an argument on his behalf. Defendant was clearly given the opportunity to put on evidence but chose not to do so. As such, defendant waived the opportunity for an evidentiary hearing.
Defendant also argues that the trial court committed reversible error by denying his motion to withdraw guilty plea
LSA-C.Cr.P. art. 559(A) gives the district court judge the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. Once a defendant has been sentenced, a guilty plea may not be withdrawn unless the plea is found to be constitutionally infirm. State v. Bell, 00-1084 (La.App. 5 Cir. 2/28/01), 781 So.2d 843, 847, writ denied, 01-776 (La.4/26/02), 813 So.2d 1098. Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. Raines, 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 633.
A defendant may not withdraw a guilty plea because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, 517. However, a plea is considered constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. If such is the case, either defendant must be allowed to withdraw from the plea or the bargain must be enforced. State v. Bell, 781 So.2d at 847.
In the present case, on February 15, 2001, defendant withdrew his pleas of not guilty and pled guilty to two counts of *1276 possession of cocaine. The record shows that, during the colloquy, the trial court advised defendant of his constitutional rights as set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Specifically, defendant was informed of his right against self-incrimination, and his rights to a jury trial and to confront his accusers. Defendant stated that he understood those rights, and wished to waive them.
The trial judge also informed of the possible sentence which could be imposed and of the sentence which would be imposed pursuant to the plea agreement. Specifically, the judge informed defendant that pursuant to the plea agreement, defendant would be sentenced to five years at hard labor on each count and the state would not file a multiple bill. The court then addressed defendant's request for a continuance of sentencing so that he could get his affairs in order. The court agreed to continue the sentencing but specifically warned defendant of the consequences of his failure to appear as follows:
Court: I want you to understand one thing, your attorney has indicated to me in pre-trial conference that you would like to have two or three weeks to wrap up your affairs before sentencing; is that correct?
Stewart: Yes, sir.
Court: And what that means is we'll accept your guilty plea today, but we won't sentence you today. We'll schedule your sentencing in approximately three weeks; do you understand that?
Stewart: Yes, sir.
Court: And what I want you to know is that this is the sentence I will impose if you show up on that day. If for someany reason you don't show up on that day, then we'll sentence you to a differentyour sentence will be different; you understand that?
Stewart: Yes, sir.
Court: And that you could receive the maximum sentence and the State may, in fact, recharge you, charge you differently in this case, do you understand that?
Prosecutor: The State reserves the right to file a multiple bill, Your Honor, which would enhance his sentence.
Court: I just want you to be aware because this is the plea you've negotiated but it's all hinged upon you showing up when you're supposed to show up for your sentencing; do you understand that?
Stewart: Yes, sir.
After determining that defendant understood the consequences of his guilty plea as well as the consequences of his failure to appear for sentencing, the trial judge accepted defendant's guilty plea as knowingly, intelligently, freely, and voluntarily made. Despite these warnings by the trial judge, defendant failed to appear for sentencing and was thereafter sentenced to more time than was originally agreed to. The state also filed a multiple bill which resulted in defendant receiving an enhanced sentence on one of the counts. Defendant thereafter filed a motion to withdraw guilty plea which was denied. He now challenges that ruling. Defendant contends that the trial court violated the terms of his plea agreement by sentencing him to more time than what was stated in the agreement and by allowing the state to multiple bill him. Defendant contends that he should either be allowed to withdraw the plea or that he should be sentenced according to the original plea agreement. We find no merit to these arguments.
In the instant case, the transcript of the plea colloquy clearly shows that defendant *1277 was informed of his rights and the consequences of his plea, and that the plea was entered into knowingly and voluntarily. The record does not show that defendant was misled by either the trial court or his attorney, and there is no indication that his guilty plea was in any way coerced. Additionally, it appears that defendant's guilty plea was unconditional. The only conditional part of the agreement was defendant's sentence which depended upon defendant appearing on the designated date for sentencing. Defendant failed to appear. He should not now be allowed to withdraw his guilty plea when the trial court specifically warned defendant of the result that would follow. In the present case, there was no breach of the plea agreement by either the state or the trial judge. Rather, it was defendant's actions which dictated the sentence imposed. For these reasons, we find that the trial judge did not err in denying defendant's motion to withdraw the guilty plea.
Defendant also argues that the trial court erred by not sentencing him in accordance with the original plea agreement. This argument is likewise without merit as defendant was sentenced in accordance with the terms of the plea agreement as executed in open court. In response to questioning by the trial judge, defendant acknowledged that there were two possible sentences depending on whether he appeared for sentencing. Defendant chose not to appear and thereafter received the greater sentence.
Based on the foregoing discussion, we find no merit to the defendant's arguments pertaining to the validity of the guilty plea.

EXCESSIVE SENTENCE
On appeal, defendant also argues that his twelve year multiple offender sentence is constitutionally excessive, because the crimes he committed were non-violent offenses, and his drug problem should have warranted a lesser sentence with a possibility of supervisory probation following his release. Defendant further argues that the trial judge failed to state for the record the factual basis for the considerations that led to his decision to impose defendant's sentence as mandated by LSA-C.Cr.P. art. 894.1.
LSA-C.Cr.P. art. 881.2(A) provides that, "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In the present case, defendant's twelve year sentence was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Therefore, defendant is precluded from raising a claim of excessiveness on appeal. State v. Stevenson, 00-1296 (La. App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166; State v. Andino, 01-820 (La.App. 5 Cir. 1/15/02), 807 So.2d 944, 945.

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues in his pro se brief that his trial counsel was ineffective for failing to obtain a hearing and a ruling on his motion to suppress evidence. He contends that the evidence should have been suppressed, because the officers lacked reasonable suspicion to stop defendant and seize the drugs.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. However, it is well settled that when the record contains sufficient evidence to rule on the *1278 merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095.
In the instant case, we find that the record is not sufficient to conduct a review of defendant's claim for ineffective assistance of counsel. Although defendant attached a copy of the police report to a motion which he filed in this court, the police report had not been introduced in the district court. This court has no authority to receive or review evidence not contained in the trial court record. State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/02), 782 So.2d 1078, 1087. Accordingly, we find that the issue of ineffective assistance would be more properly addressed in proceedings for post-conviction relief.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors patent in this case.
For the reasons set forth herein, we hereby affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.