MADELINE JASMINE, Judge Pro Tempore.
 

 |2The defendant has appealed his conviction of possession of hydrocodone, his adjudication as a second felony offender, and the ten year sentence he received as a multiple offender. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Defendant, Terry L. Scott,
 
 [1]
 
 was charged in a bill of information by the Jefferson Parish District Attorney with possession of hydrocodone in violation of LSA-R.S. 40:967(C). Defendant pled not guilty at arraignment. After being advised of his rights, defendant later withdrew the not guilty plea and pled guilty as charged under the provisions of
 
 North Carolina v. Alford.
 

 [2]
 

 In conformity with the |splea agreement, defendant was sentenced to five years imprisonment at hard labor, to run concurrently with the sentence imposed in case number 07-6307.
 

 The State filed a multiple offender bill of information, alleging defendant was a second felony offender with a prior conviction for possession of cocaine. Defendant attempted to withdraw the guilty plea, which was denied. After being advised of and waiving his rights, defendant admitted the allegations of the multiple bill, believing the plea was in his best interest. The trial judge vacated defendant’s original sentence and sentenced defendant to ten years imprisonment at hard labor without benefit of probation or suspension of sentence. This sentence was ordered to run
 
 *661
 
 concurrently with any time defendant “might be serving.”
 

 This timely appeal follows.
 

 LAW AND DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),
 
 [3]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Along with her brief and request for error patent review, appellate counsel has filed a motion to withdraw as attorney of record which states she sent defendant a general letter about the filing of the brief. She further provides that she moves to withdraw from the case, “and with this motion informs Terry L. Scott that he may file a supplemental brief on his own behalf.” Additionally, this Court sent defendant a letter by certified mail | informing him that an
 
 Anders
 
 brief had been filed and that he had until October 22, 2008 to file a pro se supplemental brief. Defendant has not filed a brief.
 

 The State agrees that a review of the record in this case reveals no non-frivolous issues supporting reversal and defendant’s appeal is “wholly frivolous.”
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal”’ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin,
 
 Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal | sis wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds
 
 *662
 
 any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 When counsel files an
 
 Anders
 
 brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal.
 
 State v. Leonard,
 
 04-708, p. 4 (La.App. 5 Cir. 12/14/04), 892 So.2d 66, 69. If, in its review, “the appellate court finds a legal point arguable on the merits, it may either deny appellate counsel’s motion to withdraw and order him to file a brief arguing the legal point or it may grant the motion to withdraw and appoint substitute appellate counsel.”
 
 State v. Dillon,
 
 06-488, pp. 3-4 (La.App. 5 Cir. 11/28/06), 947 So.2d 86, 88.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting appeal. As required, the bill of information plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged.
 
 See generally,
 
 LSA-C.Cr.P. arts. 464-66.
 

 | (As reflected by the minute entries and commitments, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, his sentencing, and his multiple offender proceedings, including his admission to the allegations and his sentencing. As such, defendant’s presence does not present any issue which would support an appeal.
 

 Further, defendant pled guilty to the underlying conviction and admitted to being a second felony offender as alleged in the multiple bill. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the state failed to produce sufficient proof at the multiple offender hearing.
 
 State v. Schaefer,
 
 97-465, p. 9 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
 

 The record does not reflect that defendant filed any pre-trial motions. Therefore, there are no trial court rulings defendant could have preserved for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Defendant offered his plea under
 
 North Carolina v. Alford,
 
 400 U.S. at 38, 91 S.Ct. at 167 n. 10, which requires the establishment of a factual basis for the plea when a defendant does not admit guilt. The prosecutor offered a factual basis for the plea sufficient to satisfy the
 
 Alford
 
 requirements, stating that if the case had gone to trial the state “would have proven beyond a reasonable doubt that on March 20th of the year 2008, he did knowingly, intentionally possess a controlled dangerous substance which was in fact hydroeodone.”
 

 17The record does not reveal any irregularities in defendant’s guilty plea. Once a defendant is sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-
 
 *663
 
 conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boykin
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain whose terms are not fulfilled.
 
 Id.
 

 Regarding defendant’s guilty plea to the underlying offense, the record shows that defendant was advised of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, defendant acknowledged that he executed a waiver of rights form that was reviewed with his attorney. When asked if defendant understood that by entering the guilty pleas that he was waiving these constitutional rights, defendant responded affirmatively.
 

 Defendant stated that he finished eighth grade and could not read and write. When asked if he understood what his counsel explained to him when his counsel went over the waiver of rights form, defendant responded, “[a] little bit of it.” The trial judge then questioned if defendant understood all that he had said to defendant, and defendant stated, “I think so.” The trial judge then explained to defendant that if he said something that defendant did not understand that defendant needed to stop him for an explanation from the trial judge or defendant’s attorney. Defendant responded, “All right.”
 

 The record reveals that the trial judge ascertained that defendant understood his rights, and that he was waiving them knowingly and voluntarily. The trial judge explained to defendant, and defendant indicated that he understood that the guilty plea was entirely defendant’s decision and that he could not be forced to |Renter the plea. He denied that force, intimidation, coercion, threat or promise was used. The trial judge also explained defendant’s right to an appeal if he chose to go to trial. Defendant was informed again of his rights to a jury trial and to confront his accusers. Defendant responded affirmatively when asked if he understood that by pleading guilty he was waiving these rights. Defendant also agreed that he understood that by pleading guilty he could not assert allegations of defects. Additionally, defendant later admitted to a prior conviction that was the result of a guilty plea and, thus, had prior experience with the criminal justice system.
 
 See State v. Davis,
 
 02-387, p. 10 (La.App. 5 Cir. 9/30/02), 829 So.2d 554, 560.
 

 The trial judge explained to defendant the offense with which he was charged and the maximum sentence to which he could be exposed. When the trial judge asked defendant if he understood the nature of the charge and the possible penalty, defendant stated, “[n]ot really.” Thereafter, a bench conference was held regarding the plea to another charge. Defendant then stated he understood the nature of the charges against him and the possible penalties. The trial judge then advised defendant of the sentence that would be imposed, and defendant stated that he understood this. The trial judge also explained to defendant that the State would file a multiple bill alleging that he was a second felony offender and advised him of the sentence he would receive as a multiple offender if the court accepted his admission. Defendant stated that he understood this.
 

 Defendant pled guilty under the provisions of
 
 Alford,
 
 stating that he believed it was in his best interest to plead guilty. Defense counsel agreed that defendant knowingly, intentionally, freely, and voluntarily entered this guilty plea in his best
 
 *664
 
 interest. The trial judge stated that he was convinced that defendant understood the nature of the charges against him and the possible penalties and that | athere was a basis for the guilty plea. The trial judge stated that both defendant and his counsel indicated to the court that the guilty plea was in defendant’s best interest, and that the State read into the record a factual basis for the court’s acceptance of the plea. The trial judge accepted defendant’s guilty plea as knowingly, intelligently, freely, and voluntarily made.
 

 After pleading guilty to possession of hydrocodone, the trial judge imposed a sentence in conformity with the plea agreement. LSA-C.Cr.P. art. 881.2 A(2) provides, “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Defendant’s sentence was within the sentencing range.
 
 [4]
 

 Based on the foregoing, the proceedings surrounding defendant’s plea of guilty and his sentence on the underlying offense do not present any non-frivolous appealable issues.
 

 At the hearing on the multiple bill defendant moved for the trial judge to withdraw his guilty plea. Defendant claimed he did not understand the nature of what he was doing. The trial judge denied this motion, finding that he had a colloquy with defendant and was convinced defendant’s plea was knowingly, intelligently, freely, and voluntarily made. The trial judge noted that both defendant and his counsel expressed the guilty plea was in defendant’s best interest.
 

 Under LSA-C.Cr.P. art. 559(A), the trial court has the discretion to permit a defendant to withdraw his guilty plea at any time prior to sentencing.
 
 State v. Stewart,
 
 03-976, p. 5 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271, 1275. In the present ease, defendant moved to withdraw his guilty plea after he was sentenced.
 

 | xpEven after sentencing, if a trial court finds ‘either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea, notwithstanding Article 559.’
 

 State v. Guzman,
 
 95-444, p. 6 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, 517,
 
 writ denied,
 
 95-2853 (La.2/28/96), 668 So.2d 366 (quoting
 
 State v. Lewis,
 
 421 So.2d 224, 226 (La.1982)).
 
 See also Stewart,
 
 03-976 at 5, 862 So.2d at 1275, where this Court recognized that once a defendant has been sentenced, a guilty plea may not be withdrawn unless the plea is found to be constitutionally infirm. As previously discussed, a guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the
 
 Boykin
 
 colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept.
 
 McCoil,
 
 05-658 at 7, 924 So.2d at 1124.
 

 Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily.
 
 State v. Kron,
 
 07-1024, p. 5 (La.App. 5 Cir.
 
 *665
 
 3/25/08), 988 So.2d 117, 120,
 
 writ denied,
 
 08-0813 (La.10/24/08), 992 So.2d 1039. As previously concluded, we find that defendant’s guilty plea was not constitutionally infirm. Defendant was informed of his rights and the consequences of his plea, and the plea was entered into voluntarily. Additionally, defendant was sentenced in conformity with the plea agreement.
 

 Further, although defendant seemingly expressed interest in withdrawing his guilty plea, the record reflects that after initially denying the motion to withdraw the guilty plea, the trial judge gave defense counsel a chance to move to withdraw it again. After the trial court denied the motion, there were further discussions with defense counsel, the State, and the trial judge. The State provided that it | nwould not object to defendant withdrawing his guilty plea. The trial court then asked defense counsel if he wanted to withdraw the guilty plea after the ruling, and defense counsel requested to speak to defendant. The record reflects that at this time defense counsel spoke with defendant off of the record and a bench conference was held. The prosecutor then repeated that the State has no objection to the defendant withdrawing his guilty plea. The court then took up other matters and defense counsel again spoke with the defendant off the record. When the proceedings resumed, the defense counsel waived a reading of the multiple bill and tendered a plea of guilty to the multiple bill. Thus, the record reflects that defendant decided he did not want to withdraw the guilty plea.
 

 As to the multiple offender bill, we find that the trial judge properly explained to defendant his multiple offender rights. The court explained that, by pleading guilty, the defendant was giving up his right to have a hearing where the District Attorney would have to prove that he was the same person with the prior felony and that the time period between the completion of the sentence for the listed prior felony and the date of the crime for the more recent conviction is ten years or less. The court also explained what the State would have to establish regarding a prior conviction that resulted from a guilty plea. It was also explained the defendant was relinquishing his right to remain silent. Defendant denied that he was forced, coerced, or threatened to admit to the allegations of the multiple bill. The record reflects that defendant indicated he understood his rights, and that he wished to waive a multiple offender hearing and stipulate to his status as a multiple offender. Defendant also executed a waiver of rights form.
 

 The trial judge explained to defendant the sentencing range he faced as a second felony offender, and defendant was advised of, and indicated that he understood, the sentence he would receive if he stipulated to being a second felony |, .¿offender. After stipulating to the multiple bill, the trial judge imposed a sentence in conformity with the plea agreement.
 

 This Court has consistently recognized that LSA-C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed.
 
 State v. Moore,
 
 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. Further, defendant’s sentence was within the sentencing range.
 
 [5]
 

 
 *666
 
 Based on the foregoing, the proceedings surrounding defendant’s stipulation to the multiple bill as well as his enhanced sentence do not present any non-frivolous ap-pealable issues.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 This review reveals that the multiple bill commitment reflects that defendant was sentenced under the multiple bill statute while the transcript reflects defendant admitted to being a second felony offender. Accordingly, we remand this matter to trial court for the limited purpose of correcting the commitment to state defendant was sentenced as a second felony offender.
 
 See, State v. Dufrene,
 
 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 31.
 

 CONCLUSION
 

 Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify [isany basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted. This matter is remanded for the limited purpose of correcting the commitment.
 

 AFFIRMED; REMANDED.
 

 [1]
 

 . Defendant was multiple billed as "Terry Scott.” The commitment, however, reflects "Terry L. Scott” was multiple billed.
 

 [2]
 

 . 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
 

 [3]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in State v. Mou
 
 ton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.
 

 [4]
 

 . Defendant pled guilty to possession of hy-drocodone in violation of LSA-R.S. 40:967(C). He faced a possible sentence of imprisonment with or without hard labor for not more than five years and, in addition, could have received a fine of not more than five thousand dollars.
 
 See
 
 LSA-R.S. 40:967(C).
 

 [5]
 

 . As a second felony offender, defendant was subject to a sentence of not less than one-half of the maximum term of sentence of the underlying offense and not more than twice the maximum term of the underlying offense.
 
 See
 
 LSA-R.S. 15:529.1 (A)(l)(a). Thus, the sentencing range for defendant’s enhanced sentence was between two and one-half to ten years of imprisonment.