JUDE G. GRAVOIS, Judge.
 

 |2Pefendant, Eric Smith, appeals his conviction of possession of cocaine. On appeal, he argues that the trial court unduly restricted his ability to test the affidavit of the search warrant, which he alleges relied exclusively upon the credibility of an informant. Defendant also requests an errors patent review. Finding no merit to defendant’s arguments on the merits, we affirm defendant’s conviction. Finding errors patent that require correction, we remand the matter to the trial court with instructions, as detailed below.
 

 PROCEDURAL HISTORY
 

 The Jefferson Parish District Attorney filed a bill of information charging defendant, Eric Smith, with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A). Defendant was arraigned and pled not guilty to this charge. Following a hearing, the trial court denied defendant’s motions to ^suppress.
 
 [1]
 
 The charges were nolle prossed because a witness was unavailable. Charges were refiled approximately one week later and defendant proceeded to trial. A 12-person jury found defendant guilty of a lesser charge, possession of cocaine, in violation of LSA-R.S. 40:967(C). Defendant was sentenced to five years imprisonment at hard labor.
 

 The State filed a multiple offender bill of information, alleging that defendant was a
 
 *1094
 
 second felony offender. After being advised of his rights, defendant admitted to being a second felony offender. His original sentence was vacated and defendant was thereupon sentenced to eight years at hard labor as a multiple offender. This timely appeal follows.
 

 FACTS
 

 Trooper Jacob Dickinson of the Louisiana State Police testified that on June 22, 2005, he prepared and obtained a search warrant for the search of defendant’s residence located at 203 Shrewsbury Road, Apartment No. 8, in Jefferson, Louisiana, in Jefferson Parish. This search warrant was executed the following morning, on June 23, 2005. Agents knocked on defendant’s door and identified themselves as members of the Louisiana State Police. When no one answered, Sergeant Dwight Robinette, also of the Louisiana State Police, breached the door with a ram. Trooper Dickinson went inside defendant’s residence and was followed by Trooper Sandy Cranen and Lieutenant John Kisler. Defendant and his wife were found in a small room in bed.
 

 Defendant was handcuffed and in due course brought to a parking lot nearby. Trooper Dickinson searched defendant and discovered a clear plastic bag in defendant’s pocket. The bag contained approximately 15 separate baggies with |4off-white, rock-like substances, which he believed to be crack cocaine. Trooper Dickinson conducted a preliminary field test, which indicated cocaine was present. Further testing confirmed the presence of cocaine. In defendant’s apartment, Sergeant Robinette discovered over $1,600 in cash. Also, a clear purple-colored bag containing a green vegetable-like matter believed to be marijuana was discovered on a table next to the bed.
 
 [2]
 
 Lieutenant Danny Jewell of the Jefferson Parish Sheriffs Office, qualified as an expert in the use, packaging and distribution of controlled dangerous substances, testified that in his experience, possession of the large number of individually wrapped rocks of crack cocaine and large amounts of money was indicative of distribution of crack cocaine.
 

 While in the parking lot, defendant was advised of his
 
 Miranda
 

 [3]
 

 rights. Trooper Dickinson testified that defendant said he was unable to get a job so he was forced to sell crack to support his family. Defendant consented to a written statement and wrote that he took responsibility for his actions and that he had a small amount of crack in his apartment.
 

 Defendant testified at trial and denied being in possession of cocaine on the morning of the incident. He stated that crack cocaine was not recovered from his pocket. He did admit, however, that the marijuana was his. He stated that he was sleeping when the officers came into his residence. He testified that it was his birthday, that he had arrived home only several hours earlier, and that he was under the influence at the time the officers entered his apartment.
 

 Defendant denied that Trooper Dickinson read him his rights and that he wrote a statement. He explained that the money taken from his apartment was his wife’s money and was a loan from her attorney in connection with settlement of a civil case.
 

 |
 
 ¡ASSIGNMENT OF ERROR NUMBER ONE
 

 In his first assignment of error, defendant argues that the trial court erred in restricting his ability to test the affidavit of the search warrant, which he alleges relied exclusively upon the credibility of an
 
 *1095
 
 informant. As such, he argues that in order to test the affidavit, it was essential to test the informant’s credibility. Defendant contends that the trial court’s failure to order disclosure of the informant’s identity based on the exceptional facts of this case was error. Further, defendant argues that at the very least, he should have been able to find out if the informant was worthy of belief, even if he was prohibited from learning his identity. He specifically points to the trial court’s refusing to allow his counsel to pursue a line of questioning concerning whether the informant was “working off a charge.” Defendant cites LSA-C.E. art. 607, which provides for attacking the credibility of a witness.
 
 [4]
 
 Defendant concludes that he was prevented from effectively confronting the charges against him and that he was deprived of a fair hearing on his motions to suppress.
 

 The State argues that defendant’s motions to suppress were filed in two dismissed cases, district court case numbers 05-4603 and 05-4604, and that the motions and ruling were never incorporated into the instant case, district court case number 08-3872. The State argues that because defendant failed to seek disclosure of the identity of the confidential informant in the instant case, he is precluded from assigning as error the ruling the other cases.
 
 [5]
 

 |fiWe find that the correctness of the rulings on defendant’s motions to suppress is properly before this court. The record on appeal was supplemented pursuant to defense counsel’s motion to include the suppression hearing transcript relating to this case. In his motion to supplement the record, defense counsel explained that the suppression hearing was conducted on September 12, 2007 in the same division by the same judge, but under a predecessor case number. Importantly, the State did not object to the defendant’s Motion to Supplement. This Court then granted defendant’s request to supplement the record with the September 12, 2007 transcript of the suppression hearing, and the record has been duly supplemented.
 

 The State also addresses the merits of defendant’s claim and contends the trial judge did not abuse his discretion in not ordering disclosure of the confidential informant’s identity because the confidential informant was not a participant in the crime for which defendant was convicted.
 

 At the suppression hearing, Trooper Dickinson of the Louisiana State Police testified that he sought an application for a search warrant for 203 Shrewsbury Road, Apartment No. 8. He stated that he affirmed the facts contained in the affidavit were true and presented it to the judge at 8:40 p.m. on June 22, 2005. He testified that the application indicated that information was received from a confidential informant, that he was familiar with the confidential informant, that he had used him several times in the past, and that he had
 
 *1096
 
 proven to be reliable. He explained that the confidential informant’s cooperation had resulted in the seizure of illegal controlled dangerous substances in the past.
 

 |7According to Trooper Dickinson, the confidential informant came to him and advised him that he was aware that an individual was distributing heroin and crack cocaine from the parking lot of two casinos in Jefferson and Orleans Parish and also at his residence in Apartment 8 on Shrewsbury Road.
 
 [6]
 

 Trooper Dickinson explained that he and Trooper Robinette obtained $20 of Louisiana State Police investigative expense money, photographed it, documented it, and met with the confidential informant on June 22, 2005. The confidential informant was searched and no contraband was found on him. The confidential informant was given the money, went to defendant’s apartment, and knocked on the door. The confidential informant then made a controlled buy from defendant at approximately 4:23 p.m. on June 22, 2005. Trooper Dickinson testified that he observed the hand-to-hand transaction in defendant’s doorway from a vantage point of about five yards away. Trooper Dickinson explained that he was about two doorways away and had a clear view of defendant. The confidential informant then went back to the troopers and gave them the crack cocaine. Trooper Dickinson testified that he put all of this information in his search warrant, and the judge issued an order for the search of the defendant’s residence. He testified that the search warrant did reflect that crack cocaine was purchased from defendant for $20 and that the controlled buy was monitored and observed by the “affiant” (Trooper Dickinson).
 

 Trooper Dickinson testified that the search warrant was executed the following morning. After the door of the apartment was breached, defendant and his wife were located in bed. Defendant was arrested and a search incident to the arrest revealed that he had a clear plastic bag containing an off-white, rock-like | ^substance believed to be crack cocaine in his pocket. Also, Trooper Dickinson testified that over $1600 was found in the apartment. Of this money, $20 was the “buy money” that was prerecorded and had been used on the previous day. Further, marijuana was located on the desk. After defendant was advised of his
 
 Miranda
 
 rights, defendant executed a “statement of rights form” and made a statement.
 

 On cross-examination, defense counsel asked if the confidential informant was arrested and trying to “work off his charge.” The State objected, arguing that counsel could not ask questions to identify the confidential informant. Defense counsel then asked for the identity of the informant. Again, the State objected
 
 [7]
 
 to the question because it sought the identity of the informant. Defense counsel argued that he was entitled to the confidential informant’s name because he had participated in the drug transaction that directly led to the search warrant. He argued this was the exception to the privilege rule which allows the State to keep the confidential informant’s identity confidential. The State responded that defendant was
 
 *1097
 
 not entitled to the confidential informant’s identity because the offense he was involved in was not the offense for which defendant was on trial. The court sustained the State’s objection.
 

 The State objected to more defense questions about the confidential informant, arguing that this was not relevant because the officer had witnessed the transaction. The court sustained the objection on the basis that the witness was the afBant on the warrant application and that he had actually witnessed the alleged transaction between the defendant and the confidential informant.
 

 The trial judge stated he did not see a problem -with the warrant and that he did not see a lack of probable cause, recognizing that it was defendant’s burden ^because the search was pursuant to a warrant. In addition, with respect to defendant’s statements, the trial judge ruled that he did not find coercion and did not find failure on the part of Trooper Dickinson to properly advise defendant of his rights. As such, the trial court denied defendant’s motions to suppress.
 

 LSA-C.E. art. 514(A), pertinent to the issues presented herein, provides:
 

 The United States, a state, or subdivision thereof has a privilege to refuse to disclose, and to protect another from required disclosure of, the identity of a person who has furnished information in order to assist in an investigation of a possible violation of a criminal law.
 

 As a general rule, an informant’s identity is privileged information.
 
 State v. Clark,
 
 05-61, p. 12 (La.App. 5 Cir. 6/28/05), 909 So.2d 1007, 1014, 1014 n. 18,
 
 writ denied,
 
 05-2119 (La.3/17/06), 925 So.2d 538 (citing
 
 State v. Broadway,
 
 96-2659, p. 19 (La.10/19/99), 753 So.2d 801, 815,
 
 cert. denied,
 
 529 U.S. 1056, 120 S.Ct. 1562, 146 L.Ed.2d 466 (2000)). This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging people to supply information to the police by protecting their anonymity.
 
 [8]
 
 However, exceptions to this privilege exist.
 
 See
 
 LSA-C.E. art. 514(C).
 
 [9]
 
 The identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of information.
 
 [10]
 
 The burden is on the defendant to show exceptional circumstances warranting disclosure of the name of a confidential informant.
 
 [11]
 
 The trial court is afforded great discretion in making this determination.
 
 [12]
 

 |1ftWhen an informant has played a crucial role in the criminal transaction, and when his or her testimony is necessary to insure a fair trial, disclosure of the informant’s identity should be ordered.
 
 [13]
 
 Con
 
 *1098
 
 versely, when an informant only supplies information, and does not participate in the transaction, disclosure is not warranted.
 
 [14]
 

 In
 
 State v. Clark, supra,
 
 the trial court denied the defendant’s pretrial motion to reveal the identity of the confidential informant. This Court found that the trial court had not erred in denying the motion because although the confidential informant’s drug purchase supplied the probable cause necessary to obtain the search warrant, the informant’s participation was not integral to the transaction (i.e., the search) that uncovered the cocaine that was the basis for the instant charge. This Court explained that the defendant was not charged with the distribution of the cocaine to the confidential informant, but with possession of cocaine with intent to distribute that occurred on a later date.
 

 We find, based on the foregoing, that defendant was not entitled to know the identity of the confidential informant. Importantly, the affiant of the probable cause affidavit and search warrant, Trooper Dickinson, observed the transaction between defendant and the confidential informant firsthand. Although the confidential informant was a source of the basis of the probable cause required for the search warrant, that fact in and of itself did not require disclosure of the confidential informant’s identity. Defendant has not presented exceptional circumstances that required disclosure of the confidential informant’s identity. The charge in this case was based on the cocaine found when the search warrant was executed. It was not based on the evidence seized from the controlled buy between |1, defendant and the confidential informant. The confidential informant did not play a crucial role in the transaction that led to defendant’s arrest because he played no part in the execution of the search warrant and the search of defendant’s person. The confidential informant’s role prior to the search was not even mentioned at trial.
 

 For the reasons set forth above, we find no error in the trial court’s rulings on the issues involving the confidential informant. As such, this assignment of error is without merit.
 

 ASSIGNMENT OF ERROR NO. TWO: ERRORS PATENT REVIEW
 

 In his second assignment of error, defendant requests an errors patent review. This Court routinely reviews the record for errors patent regardless of whether defendant makes such a request.
 
 LSA-C.Cr.P. art.
 
 920.
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975).
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The following matters were found.
 

 The commitment and the transcript contain several discrepancies that require remand for correction. The commitment reflects that defendant “pleaded GUILTY under R.S. 15:529.1 on count 1) 40:967.A F II SCHEDULE II POSS. WITD OF A CDS — COCAINE.” However, the jury returned a responsive verdict of possession of cocaine, a violation of LSA-R.S. 40:967(C). When there is a discrepancy between the minutes and the transcript, the transcript must prevail.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La. 1983). Accordingly, we remand the matter to the trial court for correction of the commitment to accurately reflect the verdict rendered by the jury.
 

 Additionally, the commitment only specifies the terms of the enhanced sentence and does not specify the original sentence. On remand, the commitment h .¿should be corrected to include the terms of the origi
 
 *1099
 
 nal sentence, even though it was later vacated when the trial court imposed defendant’s enhanced sentence.
 

 Also, immediately after sentencing, defendant orally moved for an appeal. The commitment does not reflect the oral motion for appeal. The commitment should also be corrected in this regard.
 

 Further, the transcript reflects that defendant admitted that he was a second felony offender and was sentenced as such. The commitment reflects that defendant was “sentenced under Multiple Bill statute 15:529.1,” but does not reflect that defendant was sentenced as a second felony offender. Accordingly, on remand, the trial court is hereby ordered to correct the commitment to reflect that defendant was sentenced as a second felony offender.
 
 See State v. Scott,
 
 08-703, p. 12 (La.App. 5 Cir. 1/27/09), 8 So.3d 658, 666;
 
 State v. Dufrene,
 
 07-823, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 34.
 

 Further, we direct the district court to make the entries in the minutes reflecting these changes and direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 In its brief, the State notes that the trial judge failed to impose the enhanced sentence without benefit of probation or suspension of sentence as mandated by LSA-R.S. 16:529.1(G). However, this Court need not take corrective action on this error, as
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799 and LSA-R.S. 15:301.1(A) provide that the “without benefits” provision is self-activating.
 
 See State v. Williams,
 
 05-582, p. 7 (La.App. 5 Cir. 2/14/06), 924 So.2d 327, 332.
 

 | ^Accordingly, for the reasons stated above, defendant’s conviction is hereby affirmed. The matter is remanded for correction of the minute entries as described above, and for transmission of the corrected minute entries to defendant and to the officer in charge of the institution to which the defendant has been sentenced.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . The record does not include copies of defendant’s written motions to suppress.
 

 [2]
 

 . Testing later confirmed that this matter was marijuana.
 

 [3]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [4]
 

 . It is noted that the informant was not a witness in this case.
 

 [5]
 

 . The bill of information in this case, district court case number 08-3872, was filed on July 24, 2008. Upon reviewing defendant's records, it appears that he was originally charged with possession with intent to distribute cocaine by a bill of information filed on July 28, 2005 in case number 05-4603. In case number 05-4604, defendant was charged with possession of marijuana in another bill of information filed the same date. On July 17, 2008, the State nolle prossed the charges in both of these cases and reserved its right to refile the charges. As noted, the current charge was filed against defendant approximately one week later.
 

 Defense counsel suggests that the predecessor case for the cocaine offense was 05-4604. However, the case involving the cocaine offense was case number 05-4603. The suppression hearing transcript that was supplemented in this appeal involved both case numbers 05-4603 and 05-4604.
 

 [6]
 

 . It is noted that Trooper Dickinson mistakenly testified several times that defendant’s residence address was 208 Shrewsbury Road, when it is clear from viewing the record as a whole that the defendant's residence address at all times pertinent hereto was 203 Shrews-bury Road.
 

 [7]
 

 . Although the transcript reflects defense counsel objected, it appears from the context of the transcript it was the State that objected to defense counsel’s questioning.
 

 [8]
 

 .
 
 Clark,
 
 05-61 at 12, 909 So.2d at 1014-15, 1015 n. 19 (citing
 
 Roviaro v. United States,
 
 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957)).
 

 [9]
 

 . LSA-C.E. art. 514(C)(3) states that no privilege shall be recognized if "[t]he party seeking to overcome the privilege clearly demonstrates that the interest of the government in preventing disclosure is substantially outweighed by exceptional circumstances such that the informer’s testimony is essential to the preparation of the defense or to a fair determination on the issue of guilt or innocence.”
 

 [10]
 

 .
 
 Clark,
 
 05-61 at 12, 909 So.2d at 1015, 1015 n. 20 (citing
 
 State v. Zapata,
 
 97-1230, p. 7 (La.App. 5 Cir. 5/27/98), 713 So.2d 1152, 1158,
 
 writ denied,
 
 98-1766 (La. 11/6/98), 727 So.2d 443).
 

 [11]
 

 .
 
 Clark,
 
 05-61 at 12, 909 So.2d at 1015.
 

 [12]
 

 .
 
 Id.
 

 [13]
 

 .
 
 Clark,
 
 05-61 at 12-13, 909 So.2d at 1015, 1015 n. 23 (citing
 
 Broadway,
 
 96-2659 at 20, 753 So.2d at 815;
 
 Zapata,
 
 97-1230 at 8, 713 So.2d at 1158).
 

 [14]
 

 .
 
 Clark,
 
 05-61 at 13, 909 So.2d at 1015, 1015 n. 24 (citing
 
 Zapata,
 
 supra).