693 So.2d 893 (1997)
TRANS LOUISIANA GAS COMPANY, Trans Louisiana Industrial Company, Inc., Egasco Gas Company, Inc., Enermart, Inc. and Atmos Energy Corporation
v.
LOUISIANA INSURANCE GUARANTY ASSOCIATION.
No. 96 CA 1477.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*894 J. Kenton Parsons, Baton Rouge, for Plaintiffs/Appellees Trans Louisiana Gas Company, et al.
Christopher R. Philipp, Lafayette, for Defendant/Appellant Louisiana Insurance Guaranty Association.
Before CARTER, LeBLANC and PARRO, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in an action for supplemental relief following a declaratory judgment.

BACKGROUND
American Lloyds Insurance Company (American Lloyds) issued to plaintiffs, Trans Louisiana Gas Company, Trans Louisiana Industrial Gas Company, Inc., Energas Company, Egasco, Inc., EnerMart, Inc., and Atmos Energy Corporation, hereafter collectively referred to as "TransLa," a policy of insurance providing commercial general liability coverage and commercial automobile coverage. The policy was in effect from October 21, 1986, to October 21, 1987. During the policy period, various claims arose against TransLa, which resulted in numerous lawsuits being filed against TransLa.
On June 21, 1989, American Lloyds was placed in liquidation and/or determined to be insolvent. On July 5, 1989, TransLa notified the Louisiana Insurance Guaranty Association (LIGA) of its desire for statutory protection under LSA-R.S. 22:1375, et seq., requesting that LIGA defend the lawsuits and provide coverage for the claims against TransLa. Among the pending lawsuits was the proceeding entitled "Michael and Heidi Campbell, et al. vs. Rheem Manufacturing Company, Trans Louisiana Company, Inc. and Energas Company, et al.," Suit No. 88-3991, Division "C," in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana.
TransLa hired an attorney and successfully settled several of the lawsuits, including Campbell. On October 5, 1989, TransLa filed a proof of claim in American Lloyds' liquidation proceeding, setting forth its claim for reimbursement of attorney's fees, court costs, related litigation expenses, and settlement amounts. TransLa then submitted the proof of claim to LIGA. However, LIGA raised various objections and questions regarding its obligations to TransLa.
On May 16, 1990, TransLa filed a petition for declaratory judgment, seeking a declaration of the rights, status, and legal relationships of TransLa and LIGA with respect to the American Lloyds policy and the statutes governing LIGA. Specifically, TransLa sought to recover the payments it had made, together with the costs of defense of the lawsuits brought against it, and penalties and attorney's fees for LIGA's refusal to pay the claims. LIGA answered the petition, contending, among other things, that it was not responsible for the litigation expenses, attorney's fees, indemnity payments, or any other funds expended by TransLa prior to American Lloyds' declaration of insolvency.
On July 16, 1992, trial on the merits was held, and the trial court took the matter under advisement. On June 30, 1993, the trial court rendered judgment against LIGA, finding, among other things, that TransLa was (1) entitled to reimbursement for certain funds paid in settlement of insurance claims; (2) entitled to pre-insolvency and post-insolvency fees and expenses; and (3) due reimbursement for funds paid in settlement of a second covered claim arising from one occurrence in the Campbell case ($134,900.00, plus *895 legal fees and expenses of $45,656.68[1]). The judgment also provided that legal interest would accrue from the date that the judgment was signed.
Both TransLa and LIGA appealed. TransLa contended that the trial court erred in finding that legal interest accrued from the date of judgment, rather than from the date that the claim first became ascertainable or from the date of judicial demand. LIGA contended, among other things, that the trial court erred in finding that (1) it was obligated to reimburse TransLa $134,900.00 for a second claim in Campbell, arising from one accident or occurrence; (2) it was obligated to reimburse TransLa for pre-insolvency fees and expenses; and (3) it was obligated to reimburse TransLa for post-insolvency fees and expenses in the Campbell suit.
On appeal in Trans Louisiana Gas Company, et al. v. Louisiana Insurance Guaranty Association, 93-2287 (La.App. 1st Cir. 3/3/95); 652 So.2d 686, 687, writ not considered, 95-0853 (La.4/21/95); 653 So.2d 555, this court affirmed the trial court's finding that LIGA was responsible, to "its statutory limit," for the second claim in the Campbell case and for the post-insolvency fees and expenses incurred in Campbell. LIGA argues that this court intended for LIGA to be liable cumulatively for the second Campbell claim and the post-insolvency fees and expenses not to exceed the statutory limit. We disagree.
In amending the trial court judgment, this court held that TransLa was entitled to an additional $134,800.00 on the second Campbell claim, rather than $134,900.00, as awarded by the trial court.[2] This court reversed the trial court's determination that LIGA was obligated to pay any pre-insolvency fees or expenses, but affirmed the trial court's determination that LIGA was obligated to pay post-insolvency fees and expenses in Campbell. This court clearly determined that LIGA was responsible for the second Campbell claim and for the post-insolvency fees and expenses, which amounts exceeded the statutory limit. This court's opinion did not limit LIGA's liability to the statutory limit of $149,900.00.
On October 11, 1994, LIGA paid TransLa $149,900.00. Thereafter, TransLa filed a writ application with the Louisiana Supreme Court, but it was untimely and was not considered by the court. LIGA did not file a writ application.

FACTS
On May 16, 1995, TransLa filed a petition for supplemental relief with the trial court, requesting a judgment awarding it (1) the current principal sum of $38,667.93 owed by LIGA; (2) legal interest on the original principal judgment from the date that the indebtedness became ascertainable until October 11, 1994; and (3) legal interest on the current principal balance of $38,667.93 from October 11, 1994, until paid.
On October 2, 1995, a hearing on the petition for supplemental relief was held. The trial court ruled that TransLa was entitled to supplemental relief, awarding the current principal balance of $33,243.34 and legal interest on the sum of $183,143.34 from the date of judicial demand, May 16, 1990, until October 11, 1994, and thereafter on the sum of $33,243.34 until paid. LIGA filed a motion for new trial, which was denied by the trial court.
LIGA appealed, assigning the following specification of error:[3]
The court erred in awarding appellee the principal sum of $33,243.34. The settlement monies and post-insolvency attorney's fees in the Campbell case total $171,920.84. LIGA's maximum liability for the *896 occurrence is $149,900.00. Accordingly, the judgment rendered is in error in that it fails to take into account the statutory maximum limit of LIGA's liability and awards appellees an additional $22,020.84. See La. R.S. 22:1382(A)(1)(a)(iii).[4] (Footnote added.)

LIABILITY OF LIGA
LIGA contends that the trial court erred in awarding TransLa, as supplemental relief, the current principal balance of $33,243.34.[5] LIGA argues that it was responsible for only $149,900.00, which it has tendered to TransLa.
We note that, in the first appeal, this court recognized that, with regard to the Campbell case, LIGA is responsible to TransLa for the second claim, up to its statutory limit, as well as post-insolvency fees and expenses. Therefore, we must determine whether the previous decision of this court is the "law of the case" with regard to LIGA's liability.
The "law of the case" doctrine is a court practice usually applied at the appellate level in regard to parties who have had the identical issue presented and decided previously by that appellate court in an earlier appellate proceeding in the same case. Mayer v. Valentine Sugars, Inc., 444 So.2d 618, 620 (La.1984); Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2nd Cir. 5/10/95); 655 So.2d 659, 664, reversed on other grounds, 95-1466, 95-1487 (La.5/10/96); 673 So.2d 585, cert. denied, ___ U.S. ___, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); Barnett v. Jabusch, 94-819, p. 4 (La.App. 3rd Cir. 2/1/95); 649 So.2d 1158, 1161; Fuselier v. Amoco Production Company, 607 So.2d 1044, 1048 (La.App. 3rd Cir.1992). The principle is applicable to and determines the effect given prior rulings disposing of identical issues in the same proceeding involving the same parties. Fuselier v. Amoco Production Company, 607 So.2d at 1048. The law of the case doctrine avoids indefinite relitigation of the same issue, obtains consistent results in the same case, affords one opportunity for argument and decision, and provides fairness to the parties involved. Pitre v. Louisiana Tech University, 655 So.2d at 664; Barnett v. Jabusch, 649 So.2d at 1161. The doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous. Dodson v. Community Blood Center of Louisiana, Inc., 633 So.2d 252, 255, (La.App. 1st Cir.1993), writs denied, 93-3158, 93-3174 (La.3/18/94); 634 So.2d 850-51.
After thoroughly reviewing the record and this court's prior decision, we conclude that the "law of the case" doctrine is applicable herein. In the first appeal, the same parties were involved, and the issue was the amount for which LIGA was responsible to TransLa. This court recognized that LIGA was responsible to TransLa for the second claim in Campbell and for the post-insolvency fees and expenses. Thus, the identical issue raised in the instant appeal (the amount owed by LIGA to TransLa) previously was presented to and decided by this court in an earlier appellate proceeding in this same case. Additionally, application of the doctrine does not effectuate an injustice, nor is this court's prior decision clearly wrong. As such, this court's prior decision is the law of the case, and LIGA is responsible to TransLa for the second Campbell claim and the post-insolvency fees and expenses.
With regard to the second Campbell claim, this court held that LIGA is responsible to TransLa in the amount of $134,800.00, and the documentary evidence introduced in the suit for declaratory judgment shows that the post-insolvency fees and expenses incurred *897 in Campbell total $37,120.84. Therefore, with regard to the Campbell claim, LIGA's responsibility to TransLa totals $171,920.84. Because LIGA has paid $149,900.00, the balance due TransLa is $22,020.84. Under the law of the case doctrine, LIGA owes TransLa the $22,020.84, even though LIGA's total payments exceed the statutory limit. Additionally, LIGA owes $5,000.00 for the Hundley claim and $6,222.50 for the Toro Hills claim. The total of these three claims, including coverage and fees and expenses, equals $33,243.34. Clearly, the trial court correctly determined that TransLa is entitled to supplemental relief in the amount of $33,243.34.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Appeal costs, in the amount of $1,382.75, are assessed against LIGA.
AFFIRMED.
NOTES
[1] The trial court judgment did not allocate the fees and expenses into pre-insolvency and post-insolvency fees and expenses.
[2] This court noted that the total settlement in Campbell amounted to $309,900.00 ($160,000.00 contributed by TransLa and $149,900.00 contributed by LIGA). The total claim, less the $25,000.00 per occurrence policy deductible, the per claim deductible under LSA-R.S. 22:1382 A(1)(a)(iii) of $100.00, and the $149,900.00 payment made by LIGA before trial, equals $134,800.00.
[3] We note that LIGA did not assign as error the awards of interest by the trial court. Therefore, the propriety of those awards is not before us on appeal.
[4] The initial declaratory judgment involved various claims and lawsuits, including the Campbell suit. However, in the first appeal, this court found that the only covered claims were those in Campbell, Hundley, and Toro Hills. Thereafter, in the action for supplemental relief, only those three claims were before the court. LIGA does not assign as error the inclusion of the $5,000.00 covered claim in Hundley or the $6,222.50 in fees and expenses in Toro Hills. As a result, although the amount due on the Hundley and Toro Hills claims are included in the trial court judgment, the propriety of the Hundley and Toro Hills claims award are not before us on appeal.
[5] The principal sum of $33,243.34 includes the $22,020.84 balance in post-insolvency fees and expenses in Campbell, $5,000.00 in covered claims in Hundley, and $6,222.50 in fees and expenses in Toro Hills.