# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1653


**KENNY RAY JUNEAU**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6558-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


                                                                        **AFFIRMED.**

**James Earl Calhoun**
**Assistant Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**Counsel for Defendant/Appellant:**
**State of LA, Thru The Department of Public Safety & Corrections**
**Kirk LaCour**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**P. O. Box 426**
**Marksville, La 71351**
**(318) 253-6200**
**Counsel for Plaintiff/Appellee:**
**Kenny Ray Juneau**

**Laurel Irene White**
**Assistant Attorney General**
**P. O. Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**Counsel for Defendant/Appellant:**
**State of LA, Thru The DOTD**
**Kirk Lacour**

**SAUNDERS, Judge.**

An employee was injured on the job by a fellow employee through an alleged intentional act. The employee brought suit against the defendants in Avoyelles Parish where he and the fellow employee were domiciled. The defendants consisted of the plaintiff employee's fellow employee and their employer, the State of Louisiana, through the Department of Public Safety and Corrections.

The defendants filed an Exception of Improper Venue, arguing that West Feliciana Parish, where the cause of action arose, or East Baton Rouge Parish, the judicial district where the state capitol is located, were the only two venues that would be proper for the plaintiff to bring forth his suit. The trial court denied the defendants' exception.

The defendants then applied for supervisory writs on this issue to this appellate court, which were denied based upon a finding that there was no error in the trial court's ruling. Next, the defendants applied for supervisory writs to the Louisiana Supreme Court on the same issue, and that application was also denied.

After a partial summary judgment and a jury trial on quantum, the plaintiff was awarded damages for his injuries. The defendants appeal the judgment asserting that Avoyelles Parish was an improper venue for the trial. We choose to apply the law of the case doctrine and refuse to rehear the argument on venue previously submitted by the defendants. We affirm the trial court's denial of the defendants' Exception of Improper Venue and the resulting judgment.

**FACTS AND PROCEDURAL HISTORY:**

On February 20, 2004, Kenny Ray Juneau (hereinafter "Juneau") was injured in the course and scope of his employment with Angola State Penitentiary in West Feliciana Parish. He filed suit in District Court in Avoyelles Parish against the State

of Louisiana, through the Department of Public Safety and Corrections (hereinafter "the State") and Juneau's fellow employee, Kirk LaCour (hereinafter "LaCour"; the State and LaCour collectively hereinafter "the defendants"). LaCour was a domiciliary of Avoyelles Parish.

The defendants filed an Exception of Improper Venue which was denied by the Avoyelles Parish District Court. Writs were taken to and denied by the Third Circuit Appellate Court and the Louisiana Supreme Court on the trial court's decision to deny the defendants' exception.

The Avoyelles Parish District Court ruled that it had jurisdiction and that Juneau's case was not a workers' compensation matter as he was injured through the intentional acts of LaCour. The trial court granted Juneau's motion for partial summary judgment. A trial was held before an Avoyelles Parish jury on the issue of quantum only. Juneau was awarded a judgment totaling $669,500.00 against the defendants.

The defendants have appealed the trial court's judgment on the sole issue of its denial of their Exception of Improper Venue. Applying the law of the case doctrine, we refuse to rehear this argument and, therefore, affirm the trial court's denial of the defendants' exception and the resulting judgment.

**ASSIGNMENTS OF ERROR:**

1.  Did the trial court err in denying the exception of improper venue filed by the defendants?

**ASSIGNMENT OF ERROR #1:**

The defendants argue that the trial court erred in denying their exception of improper venue. They base their argument upon the contention that the trial court

2

erroneously interpreted La.R.S. 13:5104(A). We apply the discretionary law of the case doctrine and refuse to rehear this argument.

**PRIOR JURISPRUDENCE:**

The statute at issue in this case, La.R.S. 13:5104(A), states:

> All suits filed against the state of Louisiana or any state agency ***may*** be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises. (Emphasis added).

Because the legislature chose to use the word "may" in the statute as opposed of its use of the word "shall" as in La.R.S. 13:5104(B), courts in this state have interpreted La.R.S. 13:5104(A) as a permissive venue statute and La.R.S. 13:5104(B) as a mandatory venue statute. Louisiana Revised Statute 13:5104(B) states as follows:

> All suits filed against a political subdivision of the state. . . ***shall*** be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises. (Emphasis added).

Prior to *Colvin v. Louisiana Patient's Compensation Fund Oversight Bd.*, 06-1104 (La. 1/17/07), 947 So.2d 15, the law in this circuit, as well as in the first and second circuit, was that La.R.S. 13:5104(A) did not preclude the application of La.Code Civ.P. arts. 42 and 71 through 85 to find a venue proper for the State of Louisiana or its agencies. In *Taylor v. Clement*, 02-561 (La.App. 3 Cir. 12/4/02), 832 So.2d 1089, *writ denied*, 03-38 (La. 3/28/03), 840 So.2d 571, this court found no error in using La.Code Civ.P. arts. 73 and 74 to find that Calcasieu Parish was a proper venue for an action against the State, through the legislatively-created Patient's Compensation Fund administered by the Louisiana Patients' Compensation Fund Oversight Board.

3

Another Third Circuit case discussing whether the general venue statutes could be applied to the State is *V.C. Nora, Jr. Bldg. & Remodeling, Inc. v. State through Dept. of Transp. and Development*, 93-1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466. In the *V.C. Nora* case, La.Code Civ.P. art. 76.1 was used to find that Natchitoches Parish was a proper venue for the State of Louisiana, through the Department of Transportation and Development.

The First Circuit Court of Appeal held that "[t]he State's argument, that La.R.S. 5104(A) contains a mandatory venue provision is disingenuous, and without merit;" and found that Tangipahoa was a proper venue for an action against the State of Louisiana, through the Department of Transportation and Development. *James v. State Farm Mut. Auto. Ins. Co.*, 597 So.2d 555(La.App. 1 Cir.1992).

Moreover, under facts similar to the case at bar, the Second Circuit Court of Appeal found a proper venue under La.Code Civ.P. art. 73 for the State of Louisiana, through the Department of Social Services, in *Williams v. State ex. rel. Dept. of Social Services*, 35,928 (La.App. 2 Cir. 4/3/02), 813 So.2d 1206 *writ denied*, 02-1279 (La. 8/30/02), 823 So.2d 955. In *Williams*, Caddo Parish was deemed a proper venue under La.Code Civ.P. art 73 because the State's co-defendant, a foster guardian, was domiciled there.

### COLVIN V. LA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD:

The Louisiana Supreme Court has recently rendered *Colvin v. Louisiana Patient's Compensation Fund Oversight Bd.* In *Colvin*, medical malpractice plaintiffs brought two suits against a state agency, the Patient's Compensation Fund Oversight Board, in Bossier Parish where both plaintiffs were domiciled. The basis of their suits was a declaratory judgment and monetary relief for negligent adjustment and

4

administration of underlying medical malpractice claims. The trial court granted the defendant's exception of improper venue. The Court of Appeal reversed and remanded. Our Louisiana Supreme Court granted writs and found that Bossier Parish was an improper venue and that the only venue proper for these suits was East Baton Rouge Parish as provided by La.R.S. 13:5104(A) The *Colvin* court expressly abrogated the established jurisprudence above that allowed for application of the general venue statutes, La.Code Civ.P. arts 42 and 71 through 85, to the State or one of its agencies.

## RETROACTIVITY OF THE *COLVIN* CASE:

Our Louisiana Supreme Court was silent in *Colvin* as to whether its effects should be applied retroactively. Because of the Louisiana Supreme Court's silence, should we attempt to determine whether *Colvin* is to be applied retroactively, we are to use the factors the Louisiana Supreme Court set out in *Lovell v. Lovell*, 378 So.2d 418, 421-422 (La.1979):

> In determining whether or not our decision should be given retroactive effect, three factors should be considered: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed. *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d. 296 (1971).

Rather than making a determination as to the retroactivity of *Colvin*, Juneau argues that we should apply the discretionary law of the case doctrine to refuse to rehear the defendants' argument regarding the proper venue. His argument for

application of the law of the case doctrine is based upon essential fairness to all parties because he argues that having to retry his case would be a travesty of justice.

**LAW OF THE CASE DOCTRINE:**

Justice Tate of the Louisiana Supreme Court in *Petition of Sewerage & Water Bd. of New Orleans*, 278 So.2d 81, 83 (La.1973), wrote:

> The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that *an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.* Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; *the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.*
>
> Nevertheless, the law of the case principle is applied merely as a discretionary guide: Argument is barred where there is *merely doubt as to the correctness of the former ruling*, but not in cases of palpable former error or so mechanically as to accomplish *manifest injustice.* (Emphasis added).

This court, when discussing the law of the case doctrine in *Burkett v. UDS Management Corp.*, 99-82 p.5 (La.App. 3 Cir. 6/2/99), 741 So.2d 838, 896, *writ denied* 99-1970 (La. 10/15/99), 748 So.2d 1150, quoted the First Circuit Court of Appeal as follows, "'[T]he [law of the case] doctrine is *discretionary* and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous.' *Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass'n.*, 96-1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896."

Justice Tate, then of the Third Circuit Appellate Court, in *Keller v. Thompson*, 134 So.2d 395 (La.App 3 Cir. 1961), *cert. denied* (1962) quoted the following comment in *Developments in Law - Res Judicata*, 65 Harv.L.Rev. 818, 820 (1952):

6

> [L]aw of the case is limited to rulings of law and to the framework of a *single case*. Formerly applied as strictly as res judicata, even where an intervening case involving other parties had overruled the prior decision, law of the case now serves as a discretionary guide. (Emphasis added).

We agree with Juneau that we do have available to us, due to the unique timing and procedural history associated with this *particular* case, the option of applying the law of the case doctrine. In the case before us there has already been a denial of an exception of improper venue, two denial of writ applications on the issue of improper venue, one by this court in which we stated that we found *no error* in the trial court's findings, and a trial on the merits. The facts and procedural history here are distinguishable from a case simply pending at the trial level or even a case before us on appeal where this particular issue had not been addressed. As such, we will determine whether we should apply the law of the case doctrine to refuse to rehear the defendants' argument or whether we should apply *Colvin* retroactively.

**RETROACTIVE APPLICATION OF *COLVIN* v. LAW OF THE CASE**

The analysis used to determine whether to apply decision retroactively and the analysis for application of the law of the case doctrine to a case before a court both have a basis in equity. One of the three factors to consider set out in *Lovell*, 378 So.2d at 422, is "the inequity imposed by retroactive application." Similarly, one of the reasons for application of the law of the case doctrine is "the essential fairness to both sides." *Id.* at 421. Clearly, we are directed to take into account the equity of our ruling on both parties regardless of which analysis we choose to apply.

Where the two legal concepts differ is in the scope of effect. A determination of whether a case is to have retroactive application is very broad in scope because it is a determination that a particular case will have an effect on all pending cases.

7

Contrarily, a determination of whether to apply the law of the case doctrine has a scope limited to this particular case.

We will now look to the equities of applying the law of the case doctrine to the case at bar versus applying *Colvin* retroactively. In order for us to determine which analysis to use, we will analyze the burden on the defendants should we refuse to rehear their argument based upon the law of the case doctrine versus the burden on Juneau of having the judgment vacated and having to start his case anew in a different venue if we were to apply *Colvin* retroactively.

**BURDEN ON THE DEFENDANTS IN APPLYING THE LAW OF THE CASE:**

In order for us to determine what burden the defendants would endure should we refuse to rehear their arguments on the proper interpretation of La.R.S. 13: 5104(A), we first have to consider the prejudicial effects the defendants suffered by having to litigate in Avoyelles Parish. While Avoyelles Parish would not be a proper venue had the case been filed post-*Colvin*, we find that for the parties to have litigated in Avoyelles Parish rather than West Feliciana or East Baton Rouge Parish is not an error that rises to a level where it produced any appreciable prejudicial effect on the defendants. On the contrary, the claimed impropriety is a technical one which only arose due to an interpretation of a legislative mandate that occurred late in the judicial process. This is not a situation where the defendants were asked to litigate in a forum where neither of them has any presence. Rather, both defendants, LaCour and the State of Louisiana, clearly have a presence in Avoyelles Parish.

Moreover, the only assignment of error raised by the defendants relates to the propriety of the venue in Avoyelles Parish. There is no assignment of error as to the judgment eventually reached by the judge and jury and, therefore, no argument that

8

the judgement, or anything that took place in the trial, was improper. This leads us to the inescapable conclusion that the burden, if any, on the defendants was minimal.

**BURDEN ON JUNEAU SHOULD *COLVIN* BE APPLIED RETROACTIVELY:**

While the burden on the defendants of having to litigate in Avoyelles Parish is minimal, we find that the burden on Juneau to have to begin his case anew in a different venue is great. Juneau has already successfully proven by a preponderance of the evidence that the defendants were at fault for causing his injuries. There is, at minimum, some indicia of Juneau having vested rights as the trial established, by a partial summary judgment and a trial by jury on quantum only, that Juneau is entitled to a $669,500.00 recovery from the defendants. To require Juneau to have to win his case again is certainly a serious burden. Moreover, the expenses associated with conducting a trial are substantial. If we were to now find that venue was improper in Avoyelles Parish in light of *Colvin*, both Juneau and the defendants would again have to endure that expense.

Not only would a finding of improper venue be a heavy burden on Juneau, it would also be a violation of traditional notions of fairness to Juneau. If we were to find that Avoyelles Parish is now an improper forum based upon the retroactive application of *Colvin*, we would be allowing the defendants a second chance to have their day in court. Surely if the trial court were to have found that the defendants had no fault under the facts of the case, this case would not be before us. Now, rather than have to abide by a judgment reached in an otherwise fair and equitable trial, the defendants are asking that we vacate that judgment and give them a second chance to be heard. Juneau, in effect, would have to win his case twice while the defendants

9

would only have to defend themselves successfully once. Such a result does not rest comfortably with traditional notions of fair play and substantial justice.

**APPLICATION OF THE LAW OF THE CASE DOCTRINE:**

We have found that the burden on the defendants is minimal, while the impact on Juneau is great. Because we find that there is a much greater impact on Juneau if we were to find that the trial court erroneously denied the defendants' Exception of Improper Venue, we instead choose to use the law of the case doctrine to refuse to rehear the argument put forth by the defendants. We find that the application of the law of the case doctrine to the case as bar would not "effectuate an obvious injustice" to the defendants. Instead, we find that to give the defendants a second day in court by applying *Colvin* retroactively would be an considerable injustice to Juneau.

The application of the law of the case doctrine is proper here because the same parties are making the same arguments regarding the same principles of law. The defendants' argument in the case at bar is identical to the argument previously heard by this court and our Louisiana Supreme Court in the defendants' writ applications. The argument put forth by the defendants based upon La.R.S. 13:5104(A) has been decided to lack the necessary weight to overrule the trial court's denial of their exception and was not reversed by this court or the Louisiana Supreme Court.

We are very mindful of *Colvin* and feel that our application of the law of the case doctrine to the case at bar is in no way inconsistent with the Supreme Court's holding in *Colvin*. By refusing to rehear the defendants' argument, we are in no way casting judgment upon whether La.R.S. 13:5104(A) should be interpreted as mandatory. Instead, we are denying the defendants the opportunity to have their

10

argument heard for the second time on the appellate level based on fundamental fairness to the parties.

**CONCLUSION:**

The defendants raised one assignment of error, asserting that the trial court committed legal error in denying their Exception of Improper Venue. We choose to exercise our discretion and apply the law of the case doctrine to refuse to rehear the argument put forth by the defendants. As such, we affirm the trial court's denial of the defendants' exception of improper venue and the resulting judgment for Juneau against the defendants. We assess all costs of this appeal to the defendants.

**AFFIRMED.**