# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-699

**STATE OF LOUISIANA**

**VERSUS**

**DERRICK RYAN SMALL**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11613-18
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.

**AFFIRMED.**

**John F. DeRosier, District Attorney**
**Karen McLellan, Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Walter M. Sanchez**
**Tony C. Fazzio**
**Alexander L. H. Reed**
**The Sanchez Law Firm, L.L.C.**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Derrick Ryan Small**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On January 10, 2018, Defendant, Derrick Ryan Small, and the victim, Jalen Handy, arranged via Snapchat for Defendant to sell marijuana to the victim. When the actual meeting occurred, the victim walked over to Defendant's vehicle. Through the open window, the victim grabbed the marijuana and took off running. Defendant, claiming he was in fear of his life, drew his pistol from between his seat and his center console and shot the victim twice as he was running away. The victim, who was shot in the head, died from his injuries.

Defendant was charged by a grand jury with the second degree murder of Jalen Handy, in violation of La.R.S. 14:30.1. Subsequently, an amended indictment charged Defendant with the first degree murder of Jalen Handy during the course of a drug deal gone wrong, in violation of La.R.S. 14:30(A)(6).

Following jury selection and opening arguments, Defendant filed a motion for mistrial, alleging the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), by intentionally failing to disclose that a search warrant inaccurately described a cell-phone recovered from the crime scene as belonging to the victim when it was in fact Defendant's cell-phone. The motion was denied by the trial court and Defendant sought an emergency writ of review with this court in docket number 19-85. This court denied Defendant's writ, stating:

> **WRIT DENIED:** Based on the showing made, there is no error in the trial court's ruling. Ownership of the cell phone at issue was a matter that Defendant knew or should have known or could have clarified with information available to him. *State v. Hobley*, 98-2460 (La. 12/15/99), 752 So.2d 771. Further, Defendant has failed to demonstrate prejudice, as the State was unable to access information in the phone.

*State v. Small*, 19-85 (La.App. 3 Cir. 1/31/19) (unpublished opinion).

During trial, an issue arose regarding Defendant's discharge from the military, which was "under other than honorable conditions." In particular, the State

2

questioned Defendant as to why he said he was discharged for drug use when there were other considerations involved, including abandoning his post and coaching another soldier to use synthetic marijuana to pass a drug test. Defendant again sought a mistrial, this time based upon prosecutorial misconduct, claiming the State's contention during cross-examination that Defendant lied about the cause of his discharge had prejudiced the jury against him and denied him his right to a fair trial. The trial court again denied Defendant's request for a mistrial stating it did not "feel that the State ha[d] done anything which would merit a mistrial at th[at] time." Nonetheless, the trial court allowed Defendant to introduce his entire military records to clarify to the jury the circumstances surrounding his discharge.

The jury found Defendant guilty of the first degree murder of Jalen Handy. The trial court sentenced Defendant to a mandatory life sentence without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence, asserting that both of his motions for mistrial should have been granted. For the following reasons, we affirm Defendant's conviction and sentence.

## ANALYSIS

In his first assignment of error, Defendant contends "[t]he trial court committed legal error in denying Defendant's Motion for Mistrial filed in response to the State's Brady Violation." As noted above, the motion for mistrial in question is the same motion which was the subject of this court's prior ruling in docket number 19-85. The State asserts this assignment of error lacks merit due to this court's prior ruling. We agree and find the law of the case doctrine renders this argument meritless.

In *State v. Dickerson*, 14-170, pp. 9-10 (La.App. 3 Cir. 6/4/14), 140 So.3d 904, 909-10, *writ denied*, 14-1466 (La. 3/13/15), 161 So.3d 638, this court stated the following regarding the "law of the case" doctrine:

Under the "law of the case" doctrine, prior decisions of the appellate court are considered binding and may not be reconsidered on appeal absent clear error. *Juneau v. State,* 06–1653 (La.App. 3 Cir. 5/2/07), 956 So.2d 728, *writ denied,* 07–1177 (La.9/14/07), 963 So.2d 1004; *State v. Molineux,* 11–275 (La.App. 4 Cir. 10/19/11), 76 So.3d 617, *writ denied,* 11–2556 (La.3/30/12), 85 So.3d 117. "The [law of the case] doctrine is *discretionary* and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous." *Juneau,* 956 So.2d at 733 (quoting *Trans La. Gas Co. v. La. Ins. Guar. Ass'n,* 96–1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896) (alternations in original).

. . . .

As this honorable court has already ruled on the issue of whether Defendant is entitled to discover the identities of the informants, it may not be reconsidered on appeal absent clear error by the appellate court. Defendant has failed to present any new evidence showing that the denial amounted to clear error or an unjust result. As such, we shall not reconsider Defendant's right to discover the identity of the informants on appeal.

Although Defendant acknowledges in his "Jurisdictional Statement" that docket number 19-85 was a writ application seeking review of the alleged *Brady* violation addressed in his appeal, he fails to address this court's prior ruling in his brief on the topic. As noted above, this court denied Defendant's writ application on this issue, finding no error in the trial court's ruling. Defendant's argument to this court is the same argument presented in Defendant's prior writ application, and, as such, presents no new argument as to why this court's prior ruling should be considered clear error. Therefore, this assignment of error lacks merit.

Defendant's second and final assignment of error contends the trial court erred in denying his motion for mistrial based upon prosecutorial misconduct. Specifically, Defendant contends the State intentionally misled the jury into believing Defendant lied to them during his direct testimony regarding the reason for his military discharge when Defendant was honest about the reason for his discharge but omitted other incidents of misconduct which were taken into consideration but were not listed as the reason for his discharge. When the trial court denied Defendant's motion for mistrial, it nonetheless allowed defense counsel to

4

enter Defendant's entire military record into evidence. As noted by the State, the jury requested and viewed Defendant's military records during deliberations, indicating the jury took the opportunity to review said records and decide for itself whether Defendant lied about the reason for his discharge from the Air Force.

The records include a "Notification Memorandum—Board Hearing," wherein it was recommended Defendant be discharged from the United States Air Force and stated the reason for said recommendation was:

> Between on or about 19 September 2015 and 19 October 2015, you used THC, a controlled substance. I was notified by the Drug Demand Reduction Program on 2 November 2015 you tested positive for THC (Attachment 1). As a result of this misconduct, you received Non-Judicial Punishment (NJP), dated 15 December 2015 (Attachment 2), which consisted of base restriction for 45 days and 45 days extra duty. Additionally, due to the conditions set forth in the NJP you received on 25 September 2015, the suspension of reduction in rank below the grade of Airman was vacated (Attachment 3). As indicated by your AF IMT 2030, dated 19 August 2014, you were aware that any drug use would render you ineligible for service in the United States Air Force (Attachment 4).

Additionally, the memo listed other information that was relevant but unrelated to the basis of the discharge: a Summary-Court Martial stemming from Defendant failing to obey a direct order on December 25, 2015, failing to report for duty following lunch on December 16, 2015, and possessing marijuana on December 25, 2015. It also clarified that Defendant's September 25, 2015 NJP was related to Defendant leaving his post before being relieved on September 2, 2015, and failing to remain in a building after being ordered to do so on September 9, 2015. The memorandum also noted there was a letter of reprimand for disobeying a direct order.

Under La.Code Evid. art. 611(B), "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." During his direct examination, Defendant acknowledged that he got in trouble multiple times in the Air Force for drug use and stated that he "was ultimately kicked out." Defendant

5

also acknowledged lying on the paperwork he filled out when he purchased the gun with which he shot the victim.

On cross examination, Defendant acknowledged lying on his enlistment paperwork for the Air Force. The following conversation took place on cross-examination regarding Defendant's statement that he was kicked out of the Air Force for drug use and led to Defendant's second motion for mistrial:

> **Q.** And, so, he said that you were -- and you testified that you were discharged other-than-honorably for drug abuse. And you mentioned the two -- the two possession of marijuana instances; but was that really the only reason why?
>
> **A.** What do you mean?
>
> **Q.** Did they consider other things involved, or did they just kick you out for two possessions of marijuana? Did you have the other -- other issues that they were concerned about?
>
> **A.** Yes, sir, my drug addiction.
>
> **Q.** Addiction?
>
> **A.** Yes, sir.
>
> **Q.** But I'm talking about behavioral.
>
> **A.** I had gotten a few failure to obeys, yes, sir.
>
> . . . .
>
> **Q.** And you were assisting folks in trying -- trying to manipulate those tests, right? So, it wasn't just marijuana; and it wasn't just two possessions as to why you got kicked out. You were kicked out for -- and these are -- this is what the Air Force included in their reasons for your discharge. I've got the documents right here. It says -- it does say drug abuse, at your board hearing, marijuana. They also considered that you had told another airman how to debunk the drug test or get around them by smoking synthetic. It was failure to obey a lawful order from your staff sergeant. You left your post when you were posted as a lookout. You used marijuana twice, and you got a DWI, correct? That was why they kicked you out?
>
> **A.** Yes, sir.
>
> **Q.** And, so, why didn't you tell the jury the truth on direct examination?
>
> **A.** Could you verify your question?

6

**Q.** Absolutely. Why did you lie to the jury on direct examination when you said that they kicked you out for possession of marijuana twice? Two possessions of marijuana.

**A.** Because that's on there.

**Q.** Sure. But why didn't you tell them the whole truth?

**A.** Because that -- I -- honestly, I don't remember everything that I was kicked out for; but I know the main reason was the drug usage.

Under La.Code Crim.P. art. 775:

A mistrial may be ordered, and in a jury case the jury dismissed, when:

(1) The defendant consents thereto;

(2) The jury is unable to agree upon a verdict;

(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;

(4) The court finds that the defendant does not have the mental capacity to proceed;

(5) It is physically impossible to proceed with the trial in conformity with law; or

(6) False statements of a juror on voir dire prevent a fair trial.

Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.

A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.

As previously noted by the supreme court, the "determination of whether actual prejudice has occurred lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that discretion." *State v. Clark*, 02-1463, p. 31 (La. 6/27/03), 851 So.2d 1055, 1079, *cert. denied*, 540 U.S. 1190, 124 S.Ct. 1433 (2004).

The crux of the issue is Defendant's contention that the State intentionally misled the jury into believing Defendant was lying when he said he was discharged for drug use and the State accused him of not telling the jury "the whole truth." The State counters that Defendant suffered no prejudice because his attorney noted in opening argument that Defendant "went in the military, he got kicked out because of [marijuana] and other problems." The State maintains it was simply questioning Defendant regarding his credibility. Defendant contends the State was intentionally misleading and inflaming the jury against him, contending "[i]t is impossible for the jury to unhear this improper line of questioning."

As noted above, defense counsel initially stated there was more to Defendant's military discharge than simply drug use, which conflicted with Defendant's statement that he was discharged because of marijuana use. As such, it was proper for the State to seek clarification between the two statements. With regard to the State's questioning why Defendant did not tell the jury the whole truth, the Notification Memorandum specifically referenced Defendant's prior NJP, which was not drug-related. Accordingly, there was no misconduct by the State in addressing Defendant's prior misconduct.

Lastly, while Defendant contends it would be impossible for the jury to unhear the claim that he lied about his military discharge, we note the jury reviewed Defendant's military records, in their entirety, during deliberation. Thus, the jury was able to determine for itself whether Defendant was honest. Given the trial court's action of allowing Defendant to enter his entire military record into evidence, thereby providing the jury with the opportunity to determine for itself whether Defendant was being honest about his discharge, we cannot say the trial court abused its discretion in denying Defendant's motion for mistrial.

## DECREE

For the foregoing reasons, we hereby affirm Defendant's conviction and sentence.

**AFFIRMED.**